David L. Skelton, Trustee State Bar No. 96250
Rebecca E. Pennington State Bar No. 174488
Richard L. Stevenson State Bar No. 239705
**OFFICE OF THE CHAPTER 13 TRUSTEE**
525 B Street, Suite 1430
San Diego, CA 92101
Telephone (619) 338-4006
Facsimile (619) 239-5242

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 16-05104-LT13 |
| | ) |
| | ) DATE:  November 15, 2016 |
| | ) TIME:  10:00 AM |
| JULIO WERNER MAYEN | ) DEPT:  3 |
| | ) |
| | ) TRUSTEE'S OBJECTION TO |
| | ) CONFIRMATION OF CHAPTER 13 PLAN |
| | ) AND MOTION TO DISMISS PURSUANT |
| Debtor. | ) TO 11 U.S.C.1307(C)(5) |
| | ) |
| | ) |

DAVID L. SKELTON, Chapter 13 Standing Trustee ("Trustee"), hereby objects to confirmation and moves the Court for an Order of Dismissal and Denial of Confirmation.  The bases for the Trustee's objection(s) are:

### I.    11 USC § 1322(d)(1)(C)

A.  The Plan provides for payments over a period exceeding five years (or exceeding 3 years without cause).  See §1322(d) *et. seq.*

**1. No plan payment scheduled – unknown plan length.**

### II.    11 USC § 109(e)

A.  The debtor owes debts in excess of $394,725 unsecured and/or $1,184,200 secured. See §109(e).

**1. Debtor scheduled over 1 million in unsecured debt.**

Re:   Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss

Rev. 10/11/2013

1

### III.    11 USC § 1322 (a)(2)

A.  The Plan does not provide for full payment of all priority claims. See §1322(a)(2).

  **1. Unfiled tax returns for 2012, 2013, 2014 and 2015.**

### IV.    11 USC § 1325(a)(4)

A.  The debtor is distributing less to the allowed unsecured creditors than they would receive under a Chapter 7 liquidation.  See §1325(a)(4).

  **1. Debtor is over-exempting by $40,000.**

  **2. Several assets are not scheduled.**

### V.    11 USC § 1325(a)(6)

A.  The debtor has no regular income. See §109(e).

  **1. Debtor has no income and no income information was provided.  Schedule I is all zeros; Schedule J has $1585/month in expenses so the budget is negative.**

  **2. Debtor cannot file per §109(e) with zero income.**

### VI.    11 USC § 1322 *et. seq.*

A.  The Plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in its current format.

  **1. Franchise Tax Board (FTB) is in paragraph 4.8 but is not scheduled.  There are no payments to the Trustee to pay the FTB.**

  **2. The plan has numerous errors in Part 1 and 9, 3.5 and 4.8, etc.**

### VII.    11 USC § 1325(a)(3)

A.  The Plan is not proposed in good faith or does not comply with Code provisions.  See §1325 (a)(3); *In re Leavitt,* 171 F.3d 1219, 1222-23 (9th Cir. 1993); *In re Lanning,* 403 B.R.47 (Bankr. N.D. CA 2009); *In re Padilla,* 213 B.R. 349, 352 (9th Cir. BAP 1997).

  **1. This is a bad faith proposal with no payments to be made.  There is no one to pay.**

  **2. This is a bad faith delay to pay no one including mortgage real estate payments of $1,088,000.  No payments made for over 7 years and no intent to pay in the future.**

  **3. Request 180 day bar to refiling.**

## VIII.   11 USC § 1326 (a)(1)

A.  The debtor has failed to begin making payments prescribed in the Plan within 30 days of filing the Plan. See §1326(a)(1).

## IX.   11 USC § 1307(c)(1)

A.  This matter should be dismissed pursuant to §1307(c)(1) for a delay that is prejudicial.

## X.   11 USC 1307(c)(4)

A.  This matter should be dismissed pursuant to §1307(c)(4) for failure to commence making timely payments.

## XI.   11 USC § 521(a)(1)(B)(iv)

A.  This matter should be dismissed pursuant to §521(a)(1)(B)(iv) for failure to provide copies of all payment advices.

## XII.   11 USC § 521(a)(1)(B)(v)

A.  This matter should be dismissed pursuant to §521(a)(1)(B)(v) for failure to provide a statement of the  monthly net income itemized to show how the amount is calculated.

## XIII.   11 USC § 521(e)(2)(B)

A.  This matter should be dismissed pursuant to §521(e)(2)(B) for failure to provide copies of  Federal tax returns to Trustee.

WHEREFORE, the Trustee respectfully requests that confirmation of Debtor's plan be denied and the case be dismissed.

Date:  September 28, 2016                                    /s/ David L. Skelton
                                                                          Chapter 13 Trustee

Re:  Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss

Rev. 10/11/2013

3